Matthes vs. Thompson and another.

—————————————

MATTHES, Respondent, vs. THOMPSON and another, Appellants.

*November 16 — December 6, 1892.*

*Dismissal for failure to file summons and pay state tax: Rule of court.*

A special rule of the circuit court for Milwaukee county, providing that the clerk shall not receive or file any note of issue or place any cause on the calendar unless all the pleadings served have been filed and the state tax and two dollars fee for clerk's salary have been paid, does not require a defendant to pay the state tax and clerk's fees before moving to dismiss the action, under sec. 2632, R. S., for failure of the plaintiff to file the summons and pay the state tax.

APPEAL from the Circuit Court for *Milwaukee* County. Action to foreclose a mechanic's lien. The facts are stated in the opinion.

*Jared Thompson, Jr.,* for the appellants.

*J. M. Clarke,* for the respondent.

ORTON, J.   In this case there were a summons and an amended summons, a complaint and an amended complaint, and the answers, and none of them had been filed, and more than ten days had elapsed since the service of the answers, and the state tax on the action of one dollar had not been paid.   The statute (sec. 2632, R. S.) provides that "the summons must be filed with the clerk, and a state tax on the action of one dollar paid, within ten days after the service of an answer or demurrer. . . .   Otherwise the action shall be dismissed on motion of any defendant, unless the plaintiff shall pay the tax and five dollars costs of motion."   This motion was made by the defendants.   It seems that there is a rule of the circuit court of Milwaukee county which provides that "the clerk shall not receive nor file any note of issue in any case, nor place any cause on the calendar, unless all the pleadings or copies thereof which have been served shall have been filed in the office of the clerk at least eight days before the term, and the state tax and two dollars fee for clerk's salary shall have been paid."   The learned circuit court denied the motion of the defendants, on the ground, stated in the preamble of the order, "that the defendants were required by law to pay said state tax and clerk's fees before moving to dismiss the action under sec. 2632, R. S." This ruling was obviously erroneous.

This special rule of the court has no application to the case.   It provides only that the clerk shall *not receive any note of issue,* or *place any cause on the calendar,* unless certain things are done and the state tax and clerk's fees are paid.

1. The defendants are not asking for these things to. be done, and are not, therefore, subject to the conditions of the rule.

2. The rule neither conflicts with nor repeals the statute, and, if it did, the statute would still remain in force. The pendency of an action does not depend upon the filing of the summons and pleadings, and the action is commenced by the service of the summons. If the action was not pending, there would be none to dismiss for not filing the summons and paying the tax. The statute provides " that the action shall be dismissed on motion of any defendant." This is imperative, and unconditioned, unless the plaintiff shall pay the tax and five dollars costs. The court should have granted the motion.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with direction to dismiss the action, unless the plaintiff shall pay the state tax of one dollar, and five dollars costs of the motion.